# GEORGE W. TURNER

## v.

# N. H. NORTON ET AL.

*Injunctions—Remedy at Law—Capias—Sec. 22, Chap. 79, Starr & C.*
*Ill. Stat.—Evidence.*

This court holds that an injunction obtained by a judgment debtor
arrested on a capias, restraining the issuance of further process, commanding
the return of the capias and enjoining the further retention of such debtor
in custody, was properly dissolved, there being a complete and adequate
remedy at law.

[Opinion filed June 15, 1889.]

APPEAL from the Circuit Court of Lawrence County; the
Hon. WILLIAM C. JONES, Judge, presiding.

Mr. H. H. HOWARD, for appellant.

. Messrs. E. B. GREEN and T. B. HUFFMAN, for appellees.

Turner had a complete remedy at law by appeal or writ of
*certiorari;* he shows no reason why he did not pursue that
remedy.    It is admitted in the bill rumors reached him of the
judgment against him, but he says no official notice had been
served on him until after the expiration of twenty days after
the judgment was rendered.   If he knew of the existence of
the judgment he must appeal and not resort to injunction.
High on Injunctions, 2d Ed., Secs. 165, 173.

To entitle complainant to maintain his bill it should ap-
pear from the bill itself that the judgment against which
relief is sought did not result from negligence, inattention or
carelessness of complainant, and he must show a clear case
of diligence to entitle himself to injunction.   High on Injunc-
tions, 2d Ed., Sec. 113.

We submit that this record can not be contradicted by
parol evidence.   "The entry upon the justice's docket was

a judgment in bar, and the policy of the law forbids that
parol proof should be admitted to show that the justice
originally rendered judgment for non-suit and afterward
changed it to a judgment in bar. The record or entry of the
justice is higher and more trustworthy than any parol evi-
dence can be." Garfield v. Douglass, 22 Ill. 100.

REEVES, J. On the 10th day of August, 1887, appellant
was arrested by appellee Myers, a constable, on a *ca. sa.* issued
by appellee Norton, a justice of the peace, under the pro-
vision of Sec. 22, Chap. 79 of Starr & C. Ill. Stats., on the affi-
davit, and at the suit of Henry Winklee. Such proceedings were
had on the return day of the writ, that the writ was quashed
on account of the insufficiency of the affidavit; at this point
there is a conflict in the testimony as to what occurred. The
transcript of the justice recites as follows:

"August 15, 1887, parties appeared. * * * Writ of
capias quashed on motion of defendant. Affidavit amended
for new writ by leave of court. Case dismissed as to capias
and proceed to trial on summons only. Defendant left the
court when discharged from writ. Plaintiff's witnesses sworn
to try the case. Judgment rendered against defendant by
default," etc.

The appellant claims that when the capias was quashed
the attorney for appellant stated to the justice that when the
capias was quashed the plaintiff had the right to go on, treat-
ing the service of the capias as the service of a summons;
that the justice said to plaintiff's attorneys that they could
amend and go on, but they refused to amend or did not, and
thereupon the justice announced that the case was dismissed
and the prisoner was discharged; appellant and his attorney
remained in court for ten or fifteen minutes, when appellant's
attorney said to the justice: "Do I understand the court to
say that the suit is dismissed and it is no use for us to stay
longer?" The justice replied, "That is my understanding,
unless the gentlemen desire to amend." Thereupon the wit-
nesses for the defendant claimed their attendance and he and
his counsel left the office of the justice.

Turner v. Norton.

This version of what occurred before the justice is materially controverted by the justice and other witnesses. These witnesses insist that it was only a dismissal as to the capias that was spoken of, and that there was no statement of the justice that the suit was dismissed. The judgment was rendered August 15th. An execution was sworn out the same day and the next day it was served on appellant. He then, and for nineteen days after, had the opportunity to take an appeal from the judgment. This execution was returned, no property found. On the 6th day of September a capias *ad satisfaciendum* was issued upon the judgment, and on the 8th day of September appellant was arrested on this capias; whereupon he filed the bill in this case and procured an injunction restraining the justice from issuing any further process upon said judgment, and commanding the return of the capias in the hands of the constable, and enjoining constable Myers from longer retaining appellant in custody and directing him to return the capias to the justice.

Upon the hearing the bill was dismissed and the injunction dissolved. Taking the appellant's account of what occurred before the justice as correct, which can by no means be admitted under all the testimony in the case, has he a standing in a court of equity? We think not. He had abundant opportunity after he knew the judgment had been rendered against him, to take an appeal, and in this had an adequate and complete remedy at law.

Furthermore, if the capias *ad satisfaciendum* was illegally issued, he had a complete remedy at law for release from arrest under the writ by *habeas corpus*. In any view of the case the remedy of appellant at law was adequate and complete. The bill was properly dismissed for want of equity.

The decree of the Circuit Court is affirmed.

*Decree affirmed.*